## John Schultz, Appellant, *v.* Bear Creek Refining Company, Limited.

*Negligence—Master and servant—Dangerous machine—Barrel factory.*

In an action by a workman against his employer to recover damages for personal injuries, it appeared that plaintiff was employed at a machine for making barrels. The evidence showed that he had been instructed how to work the machine. The machine was fastened to the floor in the manner which is customary to fasten machines to floors in factories. On the day of the accident, while the machine was in operation, the belt which communicated the power to the machine slipped off the shaft pulley, was caught on the set screws, and pulled the machine from its fasten-

ings, causing it to fall over on the plaintiff, seriously injuring him. The evidence showed that the cause of the accident was the plaintiff's act in putting too much pressure upon the lever which pushed the pulley, thereby crowding the belt, and causing it to slip off. *Held*, that it was proper to give binding instructions for defendant.

Argued Feb. 9, 1897. Appeal, No. 510, Jan. T., 1896, by plaintiff, from judgment of C. P. Delaware Co., Sept. T., 1894, No. 170, on verdict for defendant. Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM and FELL, JJ. Affirmed.

Trespass for personal injuries. Before CLAYTON, P. J.

At the trial it appeared that plaintiff was injured on October 30, 1893, while working at a machine in the defendant's barrel factory. Plaintiff was a Pole and could not speak English. He was placed at the machine at his own request, and was instructed how to run it, not only by the foreman, but also by one of the workmen. The machine in question was made of iron, and was fastened to the floor by iron screws. Several witnesses testified that it was fastened to the floor in the manner customary to fasten machinery in factories. The machine is described by the appellant in his "History of the Case" as follows: "The barrel machine is a heavy iron machine weighing about one half of a ton. There is a pulley at the right end of the machine where the workman stands to work at it, which is driven by a belt from a line of shafting back of the workman. The direction of the belt was such that the pull of it tended to draw the machine toward the workman. It is what is called a windlass machine. The workman pushes a lever with his feet by which a friction pulley is pressed against the belt pulley, and thereby the machine is started to work to compress the barrel so that the workman can put a hoop upon it. The legs of the machine are made so that at the bottom the feet extend out horizontally about two inches, and through the feet there is a hole in the castings for the insertion of a lag screw, a half of an inch in diameter and five inches long."

The accident was caused by the plaintiff putting too great a pressure upon the lever which pushed the friction pulley against the loose pulley, thereby causing the belt to slip from the pulley on the shafting above. The belt caught on the set screws and pulled the machine from its fastenings, when it fell over on the plaintiff, breaking his leg so that it had to be amputated.

The court charged as follows:

[So far as the testimony is concerned in this case, you have heard it all, and I am unable to find any sufficient evidence of negligence upon the part of this defendant to render it liable to this unfortunate man for the injuries he has received.] [3]   It .is. the result of one of the accidents of life for which we are too liable, but it is not an accident that somebody must pay for. For it is negligence alone that causes that, and as our law now says, the duty is upon the plaintiff to show that there was some negligence upon the part of his employer.   [He seems to have given him all the instructions he could.] [4]   He is an adult man.   He does not speak the language, but the evidence is that he understands it *a little;* and as I said before, anybody that knows anything about foreign languages knows that you can distinctly comprehend a language without being able to speak it; and a man who has been in this country for a year or two, mingling with business men and tradesmen, would probably understand the language, though he might not be able to speak it or to be examined in it.   [The defendant appears to have done all that was necessary to instruct this man in the use of this machine at which he was put to work.] [5]   It was his duty, therefore, to protect himself against any danger.   The only question upon which I have had any doubt is the manner in which the machine was fastened to the floor.   [If it was put down as the witness Kiesal first testified, or according to the impression that he gave by his testimony, it would, it seems to me, have then been improperly secured.   But upon his re-examination, and upon the examination of the other witnesses who were familiar with the manner in which the machine was put down, it seems to have been attached or fastened to the floor, just as other machinery of that nature usually are in all factories, or in most of the factories at least, in which they are used.] [6]   An employer is not bound to employ the best means; he must employ the usual ordinary means for the preservation of the life and limb of his employee, and if a manufacturer employs the usual means, if he has his machinery set up in the usual way, then he is not liable for an accident, because, as I said a moment ago, our world is full of accidents that constantly are happening, and it will not do to say that the man who is hurt must be paid for every accident.  . Men must

be careful when they go to work at a machine, must be careful how they use it. After hearing all the testimony I cannot find sufficient evidence of any negligence here upon the part of the defendant to warrant you in giving the plaintiff a verdict.] [7] Nor do I find any evidence of contributory negligence. [It seems to have been an accident, one of those things that occur at any time, without our exactly knowing why they occur. It seems to me that it was a pure accident, resulting, perhaps, from something that was done; we do not know what it was.] [8] [I, therefore, under the evidence, direct you to find a verdict for the defendant, and to this charge I give a general exception.] [9]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* among others were (3–9) above instructions, quoting them.

W. B. Broomall, for appellant.—A positive duty rests upon the employer to instruct an inexperienced servant and explain to him the dangers attending the operation of the machine which it is necessary for him to know for his safety : Rummell v. Dilworth, 111 Pa. 343 ; Bannon v. Lutz, 158 Pa. 166 ; Wagner v. Jayne Chemical Co., 147 Pa. 475 ; Kehler v. Schwenk, 151 Pa. 505 ; Fisher v. Delaware & Hudson Canal Co., 153 Pa. 379 ; Tagg v. McGeorge, 155 Pa. 368.

A vice principal is one to whom an employer delegates the performance of these duties, and therein represents the employer, so that his acts are the acts of the principal : Ross v. Walker, 139 Pa. 42 ; Hass v. Phila. & Southern Mail Steamship Co., 88 Pa. 269 ; Wharton on Negligence, sec. 232 ; Penna. & N. Y. Canal & R. R. v. Mason, 109 Pa. 296 ; Lewis v. Seifert, 116 Pa. 647 ; Rummel v. Dilworth, 131 Pa. 519.

It is the duty of the employer to provide his employee with suitable places to work, and with suitable tools and machinery to use in doing the work : Leberman v. Penna. R. R. 165 Pa. 118 ; West Chester & Phila. R. R. v. McElwee, 67 Pa. 311 ; McKee v. Bidwell, 74 Pa. 218 ; Ross v. Walker, 139 Pa. 42 ; Mullan v. Phila. & Southern Mail Steamship Co., 78 Pa. 25 ; Baker v. Allegheny Valley R. R. Co., 95 Pa. 211 ; Phila., Wil. & Balto. R. R. Co. v. Keenan, 103 Pa. 124 ; McCombs v. Pitts

burg & Western Ry. Co., 130 Pa. 182; Elkins v. Penna. R. R. Co., 171 Pa. 121.

What constitutes negligence in a given case is generally a question for the jury: Fisher v. Monongahela Ry., 131 Pa. 292; Bucklin v. Davidson, 155 Pa. 362; Lerch v. Bard, 153 Pa. 573; Del., Lack. & West. R. R. v. Jones, 128 Pa. 308; Penna. R. R. v. Peters, 116 Pa. 206; Neslie v. Second & Third St. Pass. Ry., 113 Pa. 300; Baker v. Westmoreland & Cambria Natural Gas Co., 157 Pa. 593.

*Alfred Driver*, with him *V. Gilpin Robinson*, for appellee.— The burden is upon the plaintiff to prove his case. The fact that the accident occurred, and that it was possible to prevent it, is not the legal test of liability, and especially when it is a very exceptional occurrence: Augerstein v. Jones, 139 Pa. 187; Titus v. R. R., 136 Pa. 618; Shaffer v. Haish, 110 Pa. 578; Bradbury v. Kingston Coal Co., 157 Pa. 231; Prescott v. Ball Engine Co., 176 Pa. 463.

The defendant discharged its duty as to instructions to the plaintiff: Sykes v. Packer, 99 Pa. 468; Ship Building Works v. Nuttall, 119 Pa. 157; Northern C. Ry. v. Husson, 101 Pa. 1; Allison Mfg. Co. v. McCormick, 118 Pa. 528.

The cases cited by the plaintiff upon the question of the duty to give notice are not in point. In Rummell v. Dilworth, 111 Pa. 343, Rummell, the plaintiff, was a lad, and was injured within a few days after entering defendant's employ, and before he had time to become acquainted with the machine. Some of the principles upon which that case was ruled are specially applicable to the case in hand. In Bannon v. Lutz, 158 Pa. 166, the case turned upon the failure of the employer, after notice, to furnish reasonably safe appliances. In Wagner v. Jayne Chemical Co., 147 Pa. 475, the workman was injured by the fumes of acid, after he had been assured by defendant's superintendent that they would not hurt him, and after he had been ordered to return to work under these circumstances. In Kehler v. Schwenk, 151 Pa. 505, the plaintiff was a boy of fourteen, and had entered upon the performance of the service the day before the accident, and at the time he and his father objected to it because it was too heavy work, and it was in further evidence that proper appliances for safety were not furnished. In Fisher v.

Delaware & Hudson Canal Co., 153 Pa. 379, the plaintiff was a lad under thirteen years of age. In Tagg v. McGeorge, 155 Pa. 368, the plaintiff was a lad of thirteen years of age. He was ordered by the superintendent to clean machinery whilst in motion and to hurry with it. It was further shown that he had not previously cleaned the machine whilst in motion, and was not acquainted with the motion of the cog wheels by which he was caught. In Lebbering v. Struthers, Wells & Co., 157 Pa. 312, the plaintiff was injured through lack of skill and proper care of a fellow employee, a young and inexperienced man, who had been placed at work the day before upon a dangerous machine without having been properly instructed as to its use.

Ross v. Walker, 139 Pa. 49, is a case with us, rather than against us. In that case plaintiff was hurt by falling from a scaffold, in consequence of the breaking of a stick of timber, which was alleged to be defective. It was decided that there was no responsibility, because the employer had furnished suitable material and a competent foreman. Just as in this case we claim there is no responsibility, because the foreman selected to set the machine was a competent man, and was furnished with proper material for the discharge of his duty.

PER CURIAM, March 1, 1897:

We are not convinced that the learned trial judge erred in withdrawing this case from the consideration of the jury and directing a verdict for the defendant; nor do we find anything in the record that would justify us in sustaining any of the specifications of error. There is nothing in either of them that requires discussion.

Judgment affirmed.